

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. P. Bryan
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. O-2758
Re: Is a trustee of an independent school
district, who sells several thousands
of dollars worth of shrubs to the school
district through a third person who
serves merely as a figurehead, subject
to criminal prosecution under Article
373 of the Penal Code of Texas, or under
any statute of Texas?

Your letter of September 18, 1940, requesting a legal
opinion of this Department touching the question stated above,
reads in part as follows:

"A trustee of the Alvin Independent School Dis-
trict, while a member of the Board, acting through
a third party, sold several thousands of dollars
worth of shrubs to the Alvin Independent School Dis-
trict. I think the facts will clearly show that the
third party was merely a figurehead. This action
took place prior to June 1st, 1939, and I, therefore,
do not think that Article 178-a, of the 1925 Revised
Statutes would be applicable.

"In my opinion, I do not believe that the trustee
was guilty of violating any criminal statute of this
State. The only statute that I can find on the point
is Article 373, of the 1925 Revised Statutes, which,
as you know, covers the officer of any county or any
city or town. I recognize that school trustees have
been held to be county officers. 37 Tex. Jur., 736."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL

In Opinion No. O-1589 this Department held:

"We conclude that the sale of gasoline by a person to an independent school district, such person being a trustee of said school district, to be used in a school bus is not in violation of Article 373, Penal Code, notwithstanding that the contract is void as against public policy. We may say further we have been unable to find any article in the Penal Code which would make this act a crime."

This opinion controls the question which you have asked and it is accordingly answered in the negative. We are enclosing herewith a copy of this opinion for your information.

Assuming the facts to be as you have stated, namely, that the sale of shrubs to the Alvin Independent School District was in truth and in fact a sale to the district by a trustee of the district, we point out that the contract of sale is void as decided in analogous situations in our Opinion No. O-1589, as well as in our Opinions Nos. O-678, O-1142, and O-1014, copies of each of which are enclosed herewith for your information.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Collie C. Steakley_
Collie C. Steakley
Assistant

ZCS:BBB

ENCLOSURES     APPROVED SEP 25, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS